UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **REGINALD A. PONDS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **No. 16-1935** |
| **FORCE CORPORATION** | **SECTION I** |

### ORDER AND REASONS

Before the Court are defendant's motion[1] in limine to exclude all evidence and testimony of subsequent remedial measures and defendant's motion[2] in limine to exclude all evidence and testimony related to plaintiff's claim for loss of future earning capacity. The Court addresses each motion in turn.

### I.

Defendant Force Corporation ("Force") first requests that the Court exclude all evidence related to the post-accident repairs and modifications made by Force to the railroad track at issue. Force argues that pursuant to Rule 407 of the Federal Rules of Evidence the repairs are not admissible to prove Force's culpability for the accident. Plaintiff counters that although the repairs may not be admitted to prove culpability, the evidence should nevertheless be admitted for the limited purpose of impeaching Force's witnesses, who will presumably deny that any defect in the track existed prior to the accident.

---

[1] R. Doc. No. 56.
[2] R. Doc. No. 57.

Rule 407 provides that "[w]hen measures are taken that would have made an earlier injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove: negligence; culpable conduct; a defect in a product or its design; or a need for a warning or instruction. But the court may admit this evidence for another purpose, such as impeachment or—if disputed—proving ownership, control, or the feasibility of precautionary measures." Fed. R. Evid. 407. The Advisory Committee Notes explain that the primary justification for Rule 407 is the "social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety." Fed. R. Evid. 407, Advisory Committee Note (1972); *see also Adams v. Chevron USA, Inc.*, 383 F. App'x 447, 452 (5th Cir. 2010). "The rule also seeks to ensure that negligence is properly determined according to what the defendant knew or should have known prior to the accident, not what the defendant knew as a result of the accident." *Adams*, 383 Fed. App'x. at 452 (internal quotation marks omitted).

As stated, Rule 407 allows evidence of subsequent remedial measures to be admitted for the purpose of impeachment. Fed. R. Evid. 407. The Fifth Circuit has cautioned against the "liberal application" of the impeachment exception, however, directing district courts to "guard against the improper admission of evidence to prove prior negligence under the guise of impeachment." *Blythe v. Bumbo Int'l Trust*, 634 F. App'x 944, 950 (5th Cir. 2015) (internal quotations and citation omitted). The line of reasoning proceeds as follows:

> This exception must be applied with care, since any evidence of subsequent remedial measures might be thought to contradict and so in

> a sense impeach a party's testimony that he was using due care at the time of the accident, and if this counted as "impeachment" the exception would swallow the rule.

*Public Service Co. of Indiana v. Bath Iron Works Corp.*, 773 F.2d 783, 792 (7th Cir. 1985); *see also Blythe*, 634 F. App'x at 950 (adopting same).

Less recently, the Fifth Circuit has acknowledged the "preponderant view of the impeachment exception, possibly unwise but nevertheless provided by Rule 407," which permits subsequent remedial measures to be used for impeachment when evidence of the measures "tend[s] to contradict [the witness's] opinions." *See Bickerstaff v. S. Cent. Bell Tel. Co.*, 676 F.2d 163, 168 (5th Cir. 1982). Nevertheless, the Fifth Circuit has noted that "a defendant does not open the door to evidence of subsequent remedial measures merely by arguing that it was not negligent or that a dangerous condition did not exist." *Relf v. Wal-Mart Stores, Inc.*, 49 F.3d 728, at *3 (5th Cir. 1995) (per curiam) (citing *Wilkinson v. Carnival Cruise Lines, Inc.*, 920 F.2d 1560, 1568 n.16 (11th Cir. 1991)).[3]

After surveying the case law, it appears that when considering whether to admit subsequent remedial measures to impeach a witness, the Court should consider the extent to which the witness's testimony is contradicted by the remedial measures. As the Fifth Circuit has acknowledged, any evidence of post-accident repairs by a defendant might be thought to contradict and so in a sense impeach

---

[3] *But see Jones v. H.W.C. Ltd.*, No. 01-3818, 2003 WL 42146, at *4-5 (E.D. La. Jan. 3, 2003) (Vance, J.) (allowing a company's subsequent-to-the-accident replacement of no-skid tape to be used as impeachment evidence in a slip-and-fall case where the company witnesses testified that the non-skid tape was in "good condition" prior to the accident).

testimony by a defense witness that the defendant exercised due care. *See Hardy*, 870 F.2d at 1011. If such a generalized contradiction was sufficient to admit evidence of the remedial measure, the impeachment exception would swallow the rule. *See id.* It follows that a line must be drawn between the sort of universal I-was-acting-reasonably-at-the-time-of-the-accident defense witness testimony which always surfaces at trial and testimony which is specifically and directly contradicted by the post-accident repair.

When deciding whether remedial measures may be used to impeach, the Court should also consider whether the plaintiff has other adequate evidence for cross-examining the defendant's witnesses. *See Stecyk v. Bell Helicopter Textron, Inc.*, 295 F.3d 408, 416 (3d Cir. 2002) ("In light of the availability of this pre-incident impeaching evidence, it was not error for the District Court to exclude the prejudicial post-incident remedial measures."). Bearing in mind the Court's ability under Rule 403 to exclude evidence whose probative value is outweighed by the danger of unfair prejudice, confusing the issues, or misleading the jury, the Court retains "considerable discretion" to exclude remedial measures for impeachment purposes where the probative value of those measures is diminished by the availability of other impeachment material. *See id.*; *see also Grenada Steel Indus., Inc. v. Alabama Oxygen Co.*, 695 F.2d 883, 888 (5th Cir. 1983) (recognizing the interplay between Rules 407 and 403).

This decision cannot be made in a vacuum. The parties have not provided the Court with sufficient detail regarding the nature of the alleged defects in the track

4

and the precise nature of the repairs performed by Force. The Court cannot presently weigh the probative value of the repairs as impeachment evidence. Further, the Court is in no position prior to trial to state what Force's witnesses will or will not testify to on the witness stand. For those reasons, the best course of action is to defer a ruling as to the applicability of Rule 407's impeachment exception until trial. Any party intending to mention Force's subsequent remedial measures shall first approach the bench and obtain permission from the Court.[4]

## II.

The motion to exclude all evidence and testimony related to plaintiff's claim for loss of future earning capacity was filed December 28, 2016. The Court's June 6, 2016 scheduling order sets forth the motions deadlines. It states, in pertinent part:

> All pretrial motions, including motions *in limine* regarding the admissibility of expert testimony, shall be filed and served in sufficient time to permit hearing thereon no later than Wednesday, November 30, 2016. . . . Motions *in limine* not concerned with the admissibility of expert testimony shall be filed twelve working days before trial and responses thereto shall be filed seven working days before trial. Motions filed in violation of this Order shall be deemed waived unless good cause is shown. All other motions *in limine* will not be considered unless good cause is shown.

R. Doc. No. 12, at 1.

Irrespective of whether it should be considered a dispositive motion, the motion addressing future earning capacity is at the very least a motion "concerned with the admissibility of expert testimony." *See* R. Doc. No. 57-1, at 11 ("Lastly, the loss of

---

[4] The Court further observes that, should the remedial measures be admitted for the limited purpose of impeachment at trial, a limiting instruction to that effect will, of course, be provided.

5

earning capacity calculation by Plaintiff's expert economist must be excluded because it is not based on any fact whatsoever."). It should have been filed and served in order to permit hearing thereon no later than Wednesday, November 30, 2016. Defendant has not demonstrated good cause for the delay.

Defendant argues that the key evidence supporting the motion in limine was not known until after the plaintiff's orthopedic surgeon was deposed at the end of December. But that argument ignores the fact that the discovery period concluded on November 4, 2016.[5] No continuances have been requested or granted in this case, and defendant cannot rely on the parties' apparent arrangement to agree, without Court permission, to continue deposition deadlines in order to obtain an extension of the motion deadline. Resolving such a motion on the eve of trial would be unfair to the plaintiff and disruptive of this Court's schedule. The motion is therefore denied.[6]

### III.

For the foregoing reasons,

**IT IS ORDERED** that defendant's motion in limine to exclude evidence of the track repairs performed by defendant after the accident is **DEFERRED UNTIL TRIAL**. No party shall mention the track repairs at trial without first obtaining the Court's permission at a bench conference.

---

[5] R. Doc. No. 12, at 2.
[6] Defendant is able, of course, to move for judgment as a matter of law at trial pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendant's motion in limine to exclude all evidence and testimony related to plaintiff's claim for loss of future earning capacity is **DENIED**.

New Orleans, Louisiana, January 10, 2017.

                              **LANCE M. AFRICK**
                        **UNITED STATES DISTRICT JUDGE**